## PATTERSON *v.* STATE.

(Division B. Feb. 23, 1931.)

[132 So. 558. No. 29291.]

**Rush H. Knox,** of Jackson, for appellant.

**C. A. Bratton**, of Pontotoc, for appellant.

**W. A. Shipman**, Assistant Attorney-General, for the state.

Argued orally by **Rush H. Knox**, and **Carl Bratton**, for appellant, and by **W. A. Shipman**, Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

We have examined with care the entire record in the light of all the assignments of error, many of which assignments have been pressed with earnestness and ability. We cannot see, however, that there is any substantial ground for complaint against this record. So far as it discloses, the trial court kept the scales well balanced between the state and the defendant. It is simply a case, as we view the law and the evidence, where a conviction was inevitable if judge and jury did their duty.

Beyond the foregoing general resume, there is only one feature of the case that perhaps requires comment. By instruction No. 9 for the state, the jury was told as follows: "The court charges the jury for the state that if you believe from the evidence in this case beyond a reasonable doubt that the defendant and Bray and Huffman armed themselves and by agreement among them, or any two of them, went out seeking the deceased for the purpose of killing him," etc. The complaint against this instruction is that it would hold the appellant to the

consequences of guilt, although the conspiracy or agreement was only between Bray and Huffman, the other two parties in the tragedy.

Leaving aside the fact that the court was liberal to the fullest extent of the law in giving instructions favorable to the defendant, and gave one instruction, defendant's instruction No. 22, which by way of a complete summary of the facts of defendant's theory of the defense submitted that theory clearly to the jury, wholly freed from any entanglement of a conspiracy, we think defendant is precluded from raising the point complained of in the state's said instruction No. 9, for this reason: The appellant by his instruction No. 21 requested and was granted an instruction containing the identical proposition in respect to the parties to the conspiracy, that is to say, as between the appellant and his alleged coconspirators or any two of them. Defendant's said instruction reads as follows: "The court charges the jury for the defendant, W. C. Patterson, that the presumption of law is that there was no conspiracy between Patterson, Bray and Huffman to take the life of D. A. Box or to do any other unlawful act, and that a conspiracy must be proved like any other controverted fact, and unless the jury believe from all the evidence in this case beyond a reasonable doubt that Patterson, Bray and Huffman, or any two of them, had actually entered into an agreement as between themselves to take the life of D. A. Box, no conspiracy has been proved." And on the same subject instruction No. 20 for defendant contains the statement "that it devolves upon the state to prove beyond a reasonable doubt that there has been an agreement as between two or more of the parties to take the life," etc.

The point is that an appellant cannot complain of the language of an instruction, when, so far as concerns the particular words complained of, appellant has on the same subject requested, and has obtained, an in-

struction in similar, or substantially similar, language. 1 Sackett, Instructions, section 314; Branson, Instructions, section 133; 14 R. C. L., p. 815; 4 C. J., pp. 709, 710, and the numerous authorities cited in the notes.

Affirmed.